# SUPPLEMENT.

---

## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

By FIELD, C. J., HOLMES, KNOWLTON, & MORTON, JJ. Section 2 of St. 1896, c. 517, which authorizes veterans to apply for examination for any position in the public service classified under the civil service statutes and rules, and provides that if such veterans pass the examination they shall be preferred in appointment to all male persons not veterans, is constitutional. By ALLEN, LATHROP, & BARKER, JJ. The section is unconstitutional.

Section 3 of St. 1896, c. 517, which gives a discretion to the appointing power to appoint veterans to any position in the public service classified under the civil service statutes and rules, without an examination, if in its opinion the needs of the public service require this to be done, is constitutional.

By FIELD, C. J., KNOWLTON, & MORTON, JJ. So far as § 6 of St. 1896, c. 517, means that the civil service commissioners shall establish rules to secure the employment of veterans in the labor service of the Commonwealth and its cities and towns in preference to all other persons, except women, if the veterans are found competent to perform the labor, it is constitutional. HOLMES, J., concurred, but was not prepared to say that the section would be unconstitutional upon a different construction. By ALLEN, LATHROP, & BARKER, JJ. The section is unconstitutional.

THE following order was passed by the Council on June 16, 1896, and transmitted on June 20, by his Honor the Acting Governor, to the Justices of the Supreme Judicial Court, who, on September 25, 1896, returned the answer which is subjoined.

Council Chamber, State House,
Boston, June 16, 1896.

Whereas certain amendments to the civil service rules have been prepared by the civil service commissioners, pursuant to section 2 of chapter 320 of the Acts of the Legislature for 1884, — to carry out certain provisions of chapter 517 of the Acts of the Legislature for 1896, — and said amendments have been submitted to the Governor and Council for approval;

And whereas such amendments involve the question of the con-

stitutionality and validity of the provisions of sections 2, 3, and 6 of said chapter 517 of the Acts of 1896,* and the preference

---

* Sections 2, 3, and 6 of St. 1896, c. 517, entitled " An Act relative to the public service of the Commonwealth and the cities and towns thereof, and the employment of veterans therein," are as follows:

" Section 2.   Veterans may apply for examination for any position in the public service classified under chapter three hundred and twenty of the acts of the year eighteen hundred and eighty-four and acts in amendment thereof, and the civil service rules thereunder, subject to said rules ; and if such veterans pass the examination they shall be preferred in appointment to all persons not veterans; and it shall be the duty of the civil service commissioners to cause the names of veterans passing examination to be placed upon the eligible list for the position sought, in the order of the respective standing of such veterans, above the names of all applicants not veterans.   The commissioners shall cause to be certified to the appointing officers for appointment the names of all such veterans in preference to applicants not veterans, so long as there are names of veterans upon the eligible list, and the appointment shall be made from the list so certified.   But nothing herein contained shall be construed to prevent the certification and employment of women.

" Section 3.   Veterans may apply for appointment to or for employment in any position in the public service, classified as aforesaid, without examination.   In such application such veteran shall state under oath such facts as may be required by the civil service rules.   Age, loss of limb or other physical impairment, which shall not in fact incapacitate, shall not disqualify such veteran from appointment under this section.   Appointing officers may by requisition call for the names of any or all such veterans so applying without examination, and appoint or employ any of them in the office or position sought."

" Section 6.   The civil service commissioners shall establish rules to secure the employment of veterans in the labor service of the Commonwealth and of the cities and towns thereof, in the class for which they make application, in preference to all other persons, except women.   The civil service commissioners may recognize an age limit in certifying persons for employment in the labor service, provided the appointing officer shall certify in his requisition that the work to be performed is so arduous as to require the services of young and vigorous men, and provided also that the commissioners shall upon investigation become satisfied that such certificate is true. In towns and cities in which the civil service act and the rules of the civil service commissioners have not been applied to the labor service the selectmen of the towns and the city councils of the cities shall take such action as may be necessary to secure the employment of veterans in the labor service of their respective towns and cities, in preference to all other persons, except women.   Citizens of Massachusetts who have distinguished themselves by gallant and heroic conduct while serving in the army or navy of the United States, and who have received a medal of honor from the President of the United States, shall be deemed to be veterans under the meaning of this act, and shall receive all the benefits thereof."

in appointment and employment in the public service thereby provided for persons who served in the army or navy of the United States in the time of the war of the rebellion, and were honorably discharged therefrom, and also citizens of Massachusetts who have distinguished themselves by gallant and heroic conduct while serving in the army or navy of the United States, and who have received a medal of honor from the President of the United States ;

And whereas doubt has been raised as to the constitutionality of said sections of said act and of said proposed amendments to the civil service rules thereunder, and the Governor and Council before approving said amendments desire the opinions of the Justices of the Supreme Judicial Court thereon;

And whereas said questions of law are important, and the occasion is solemn, —

It is therefore voted : That the opinions of the Justices of the Supreme Judicial Court be required, under Article II. of Chapter III. of the Constitution, upon the following important questions of law :

First: Is it within the constitutional power of the General Court to provide, as in section 2 of said chapter of the Acts of the Legislature for 1896, that veterans and medal holders, as defined in said act, applying for examination for any position in the public service classified under the civil service rules, and passing the required examination, shall be preferred in appointment to all persons not such veterans, although the latter may have a higher marking or standing upon the eligible list for such position ?

Second: Is it within the constitutional power of the General Court to provide, as in section 3 of said chapter 517 of the Acts of the Legislature for 1896, that appointing officers may by requisition call for the names of any or all veterans or medal holders, as defined in said act, applying for appointment to or employment in any position in the public service classified as aforesaid, without examination ; and to appoint or employ any of such unexamined veterans or medal holders in the office or position sought, in preference to persons not such veterans or medal holders, who have passed the required examination for such office or position, and whose names are upon the eligible list therefor ?

Third: Is it within the constitutional power of the General Court to provide, as in section 6 of said chapter 517 of the Acts of the Legislature for 1896, that in the labor service of the Commonwealth and the cities and towns thereof, the civil service commissioners shall establish rules to secure the employment of veterans and medal holders, as defined in said act, in the class for which they make application, in preference to all other persons except women?

Fourth: Are sections 2, 3, and 6 of said chapter 517 of the Acts of the Legislature for 1896 constitutional?

Fifth: Would the amendments to the civil service rules, prepared by the civil service commissioners under said chapter 517 of the Acts of the Legislature for 1896, and herewith submitted to the Justices, (numbered respectively, for this purpose, first, second, and third,) be constitutional and valid, if approved by the Governor and Council?

Proposed amendments to civil service rules, prepared by the civil service commissioners and submitted to the Justices of the Supreme Judicial Court, under question fifth.

First: Section 1 of Civil Service Rule XII. is hereby rescinded, and in place thereof the following is substituted:

"Section 1. The word 'veteran' in these rules shall mean a person who served in the army or navy of the United States in the time of the war of the rebellion, and was honorably discharged therefrom; and also a citizen of Massachusetts who has distinguished himself by gallant and heroic conduct while serving in the army or navy of the United States, and who has received a medal of honor from the President of the United States."

Second: Civil Service Rule XXVII. is hereby rescinded, and the following rule is substituted therefor:

"Rule XXVII. 1. Whenever any officer or board having the power of appointment to any office or employment under these rules shall make requisition not expressly calling for women, the commissioners shall certify the names of all veterans who have passed the examination for the position sought, in the order of the respective standing of such veterans upon the list; and in case there is no such veteran upon the list, then the commissioners shall certify the names of the three most eligible

persons not veterans upon the list. In case such officer or board shall in the requisition request the certification of women, then the commissioners shall certify the names of the three most eligible women upon the list.

" 2. The appointment or employment shall be made from the list of names so certified, subject to the provisions,of the following section.

" 3. Whenever any officer or board having the power of appointment to any office or employment shall in his requisition so request, the names of any or all veterans registered under Rule XII. shall be certified, and any of the veterans so certified may be appointed or employed in the office or position sought."

Third: Section 2 of Civil Service Rule XLV. is hereby rescinded, and in place thereof the following sections are substituted:

" 1. When the services of laborers are required, the officer or board having the appointment or selection shall notify the commissioners, stating the number of men wanted, the precise nature of the labor in which they are to be employed, and the time and place of employment; and the commissioners shall thereupon certify the names with the residences of the veterans registered for the required labor, and the employment shall be made from the list so certified; provided, however, if any age limit is specified in the requisition, such limit may be recognized by the commissioners, if the appointing officer shall certify in his requisition, and the commissioners upon investigation are satisfied that the work to be performed is so arduous as to require the services of young and vigorous men.

" 2. In case there is not a sufficient number of veterans so registered and within the age limit for the work required (where such limit is made and recognized as above provided) the commissioners shall certify twice the number of men called for, over and above the number of veterans, if any, certified, making an impartial selection, and giving preference, first, to those who have had experience in the work required, and, second, to those having families dependent upon them for support."

To His Honor the Acting Governor of the Commonwealth, and
to the Honorable Council.

We, the undersigned, Justices of the Supreme Judicial Court,
in compliance with the order of the Council of June 16th last,
and the request of the Acting Governor of June 20th last,
copies of which are annexed, respectfully submit the following
opinion.

The principal questions are whether sections 2, 3, and 6 of
c. 517 of the Statute of 1896 are within the constitutional power
of the General Court. Sections 2 and 3 of the statute are sub-
stantially re-enactments of pre-existing statutes which were
expressly repealed by section 8. See Sts. 1887, c. 437; 1889,
c. 473; 1895, c. 501, § 1.

The authority given to the General Court by the Constitution
to pass statutes on the subject has been often cited, and is found
in c. 1, § 1, art. 4, of the Constitution. So far as civil officers are
concerned, it is full power and authority " to name and settle
annually, or provide by fixed laws, for the naming and settling
all civil officers within the said Commonwealth, the election
and constitution of whom are not hereafter in this form of gov-
ernment otherwise provided for; and to set forth the several
duties, powers, and limits of the several civil and military offi-
cers of this Commonwealth, and the forms of such oaths or
affirmations as shall be respectively administered unto them
for the execution of their several offices and places, so as the
same be not repugnant or contrary to this Constitution." So
far as public employments are concerned which do not con-
stitute the employee a public officer, the authority is " to
make, ordain, and establish, all manner of wholesome and rea-
sonable orders, laws, statutes, and ordinances, directions and in-
structions, either with penalties or without, so as the same be not
repugnant or contrary to this Constitution, as they shall judge
to be for the good and welfare of this Commonwealth, and for
the government and ordering thereof, and of the subjects of the
same, and for the necessary support and defence of the govern-
ment thereof."

Section 2 of the Statute of 1896 authorizes veterans to apply
for examination under the civil service statutes and rules, and
provides that if such veterans pass the examination they shall

be preferred in appointment to all male persons not veterans. The effect of the section is that the veterans must first be found qualified, by an examination in accordance with the civil service statutes and rules, to perform the duties of the office or employment which they seek, and, if they are found so qualified, they are to be preferred in appointment to all other persons except women. The General Court may have been of opinion that a person who had served in the army or navy of the United States in the time of the war of the rebellion, and had been honorably discharged therefrom, or who was a citizen of Massachusetts and had distinguished himself by valiant and heroic conduct in the army or navy of the United States, and had received a medal of honor from the President of the United States, is a person who has shown such qualities of character that it is for the interests of the Commonwealth to appoint him to certain offices or employments in preference to other male persons, if he is found otherwise qualified to perform the duties. The General Court may have so thought, on the ground either that such a person would be likely to possess courage, constancy, habits of obedience, and fidelity, which are valuable qualifications for any public office or employment, or that the recognition of the services of veterans in the way provided for by the statute would promote that love of country and devotion to the welfare of the State which it concerns the Commonwealth to foster. If such was the opinion of the General Court, we cannot say that it was beyond its constitutional power to enact this section. Of the wisdom of such legislation we are not made the judges. The section does not purport to give an absolute preference to veterans without regard to their qualifications, and the constitutionality of similar legislation was not considered in the recent decision of the court of which we are justices. See *Brown* v. *Russell*, 166 Mass. 14.

Section 3 of the Statute of 1896 gives a discretion to the appointing power to appoint veterans to certain offices and employments without an examination, if in its opinion the needs of the public service require this to be done. Before the enactment of the civil service statutes, the qualifications of the persons to be appointed or employed in the offices and employments covered by these statutes usually were left to be

ascertained by the appointing power in such manner as it saw fit. The effect of this section is to permit veterans to be appointed to office or employment in the old way, if it seems best to the power having the right of appointment. It may be that the General Court was of opinion that there were certain offices and employments in which it was important that the appointee should have the qualifications usually found in veteran soldiers and sailors; and that the good of the public service would be promoted by giving this discretion to the appointing power. Undoubtedly this, like the preceding section, gives a certain advantage to veterans over other persons in being appointed to office or employment, but the section implies that the veteran to be appointed shall be found qualified by the appointing power in its own way, and it was not intended to provide for the appointment of veterans who are not qualified to perform the duties pertaining to the office or employment which they seek. The section does not necessarily exclude the appointment of other persons if the appointing power is of opinion that the appointment should be made under the civil service statutes and rules. We cannot say that this section is an enactment beyond the constitutional power of the General Court.

The constitutionality of § 6 of the Statute of 1896 depends, we think, upon the meaning to be given to it. If the section means that the civil service commissioners shall establish rules to secure the employment of veterans in the labor service of the Commonwealth, and of the cities and towns, in preference to all other persons except women, which rules shall secure the employment of veterans whether they are or are not found qualified to perform the labor which pertains to the service, and thus shall compel the Commonwealth and its cities and towns to pay wages to veterans for labor which they do not and cannot perform, we should have great difficulty in sustaining it as a constitutional enactment. This section does not relate to public offices, and, without suggesting that any distinction can be made between public offices and public employments in the matter we are considering, the section was passed under the authority given to the General Court to make all manner of wholesome and reasonable laws. We doubt whether a statute which purports to compel the Commonwealth and its cities and towns to employ

in the labor service persons who are not able to perform the labor, and to pay them wages as laborers, could be held to be either wholesome or reasonable. But if the section means that the civil service commissioners shall establish rules to secure the employment of veterans in the labor service of the Commonwealth, and its cities and towns, in preference to all other persons except women, if the veterans are found competent to perform the labor, we think the enactment is within the constitutional power of the General Court. The civil service rules provide generally that applicants for the labor service who produce satisfactory evidence of their capacity for labor, and their habits as to industry and sobriety, shall be registered in the order of their application, at such convenient times and place or places as shall be designated by the commissioners. Rule XLV. § 1. The special regulations in relation to the employment of laborers and mechanics which have been adopted by the commissioners provide, not only that the applicant must produce a certificate, signed by two reputable citizens of his city, of his capacity for labor and of his habits of industry and sobriety, but also that before entering the name of an applicant on the register such further inquiry may be made in regard to his character and capacity as the commissioners may deem practicable or expedient; and that in case an applicant is found to be unfit or in any way disqualified to perform the service which he seeks, his name shall not be entered on the register, and the reason therefor shall be indorsed on the applicant's statement. Regulations 4, 7, 9. These rules and regulations were adopted before the passage of the statute of 1896, and were contained in the reports of the civil service commissioners to the General Court. It may be presumed that the General Court knew of the existence of these rules and regulations when they passed the statute of 1896, and the authority given by the sixth section to establish rules to secure the employment of veterans in the labor service in preference to all other persons except women, considered with reference to the existing statutes and rules, makes it reasonable to infer that the intention of the General Court was that the rules so established might provide for determining in some manner that the veterans who make application to be employed in the labor service should have the

598          SUPPLEMENT.          [166

capacity to perform the labor involved in the service. The section should be so construed as to be within the constitutional power of the General Court, if it reasonably can be. Without unequivocal language to that effect, we should hesitate to impute to the General Court an intention to give to persons entirely incapacitated for labor an absolute right to be employed and paid in the labor service of the Commonwealth, and of its cities and towns, as if they could and did perform the labor. Such a provision would seem inconsistent with a purpose to promote efficiency in the public service, and to legislate in the interests of all the people. The requirement that the commissioners shall establish rules to secure the employment of veterans " in preference " to others, implies that the employment of veterans is to be regulated in the interests of the public service, as well as to secure to them a preference, and that they are not to be employed in the labor service if they have not the ability to labor. It could hardly have been the intention of the General Court that women should be employed in the labor service who could not perform the labor, or that the proviso of St. 1896, c. 449, should give an absolute preference to veterans in employment, even although the veterans were incapable of performing the duties of the employment.

The sixth section of St. 1896, c. 517, does not purport to define what the preference shall be which the rules established by the commissioners are to secure, but the preference intended is probably not greater than the preference conferred by the second and third sections of the statute.

Unless, then, the appointing officers call for the names of veterans for the labor service whose qualifications have not been ascertained by the commissioners in any manner, we think that the commissioners may provide by rules for determining the qualifications of the veterans. Construing the sixth section in this way, we are of opinion that it is an enactment within the constitutional power of the General Court. Mr. Justice Holmes concurs in this construction of the section, but is not prepared to say that it would be unconstitutional upon a different construction.

The remaining questions relate to the civil service rules which the commissioners have prepared and submitted to the Acting

Governor and Council for approval. We perceive no constitutional objection to the approval of these rules, although we think that the rule relating to the appointment of veterans in the labor service under the sixth section of the statute of 1896 might have made explicit provisions for determining the qualifications of the veterans who seek service under this section, unless the appointing officers call for veterans who have not submitted to anything in the nature of an examination.

WALBRIDGE A. FIELD.
OLIVER WENDELL HOLMES.
MARCUS P. KNOWLTON.
JAMES M. MORTON.

September 25, 1896.

To His Honor the Acting Governor of the Commonwealth and to the Honorable Council:

In the opinion of the undersigned, there is no difference in the constitutional principles which govern the selection of persons for public office and for public employment, and the reasons given in *Brown* v. *Russell*, 166 Mass. 14, for holding St. 1895, c. 501, §§ 2, 6, unconstitutional as to public office apply to public employment as well.

In both cases, the important matter is to get the best possible service, and the selections should be made with reference to the qualifications or fitness for the performance of the duties which are to be performed. And since this is so, it is not within the constitutional power of the Legislature to fix as a decisive test anything which does not bear such a relation to the duties to be performed as to show special fitness for the performance of those duties.

The fact of being a veteran, as defined in St. 1896, c. 517, does not bear such a relation to the duties of a present office or employment in the civil service of the Commonwealth that it can be made a decisive test in the selection of persons for such offices or employments. A veteran may or may not have special fitness for such positions. Certainly to have served honorably in the army or navy is not the only way in which one can acquire such fitness. However useful the training may be which many of the veterans received in the army or navy, it cannot be

laid down as a universal proposition that every veteran who can pass the examination to which all applicants are subjected is better qualified for such office or employment than any other person now is or can become. The appointing power cannot be required to pass by cases of conspicuous fitness, and to accept service of a lower character, simply because a veteran applies for the position. In requiring this to be done, the statute sets apart a class of persons who, in consequence of what they did in the war, and irrespectively of present qualifications, are to be preferred, so that nobody else, however well fitted or however meritorious by reason of valuable or distinguished services in other occupations calling for fidelity and fortitude, can be considered as eligible for appointment, or can become eligible in the future, in competition with them. No matter what may have been the services, training, and discipline, or what may be the natural ability or acquired skill of others, the power of selecting them for public office or employment is cut off. This involves a compulsory disregard of actual fitness and qualifications, to the detriment of the public service.

Nor can the fact that a veteran has passed the prescribed examination be made a decisive test in favor of his appointment. This may merely show that he has the *minimum* qualifications required, but cannot be made to entitle him to a compulsory preference over those who are better qualified.

It is therefore not within the constitutional power of the Legislature to enact that veterans shall be preferred for public office or employment to others who may have higher standing or superior qualifications; and the first and third questions are answered in the negative.

The second question is answered in the affirmative, for the reasons given in the opinion signed by a majority of the justices.

The fourth and fifth questions are answered in the negative, to the extent hereinbefore explained.

CHARLES ALLEN.
JOHN LATHROP.
JAMES M. BARKER.