MAYOR OF LYNN *vs.* COMMISSIONER OF CIVIL SERVICE & others.

Essex.    April 9, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Constitutional Law,* Preference to veteran in civil service.    *Civil Service.
Supreme Judicial Court.*

Opinions rendered by the justices of the Supreme Judicial Court in com-
pliance with c. 3, art. 2, of the Constitution, although resting on ju-
dicial investigation and deliberation, are advisory in nature, given
without the benefit of argument by counsel, state individual views,
and are not binding authorities but are subject to reëxamination
and revision if and when the points considered are raised in litigation;
when the same questions thus come before the court in litigation, the
justices guard themselves sedulously against influences flowing from
views previously expressed.

Section 23 of G. L. c. 31, as amended by St. 1922, c. 463, is constitutional.
The above statute justified a refusal by the commissioners of civil service
of a request that they certify for appointment to a department in a
city the name of the person receiving the highest grading in the mark-
ing on a competitive examination held by them in accordance with
law, where it appeared that such person was not a veteran; and it
was proper for them to certify instead the names of the three veterans
standing highest in grade on the list of veterans who had passed the
examination.

PETITION, filed in the Supreme Judicial Court for the county of Essex on January 24, 1929, for a writ of manda-
mus.

The petition was heard by *Crosby,* J., who reserved it for determination by the full court upon the pleadings, the parties agreeing in open court that all matters of fact set forth in the petition and in the answer were admitted and agreed to.

The case was submitted on briefs.

*H. R. Mayo*, for the petitioner.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the respondents.

RUGG, C.J.   This is a petition by the mayor of the city of Lynn for a writ of mandamus whereby it is sought to compel the commissioner of civil service and the two associate commissioners to certify to him for appointment in the fire department the name of the person receiving the highest grading in the marking on the competitive examination held by them in accordance with law.   The respondents, although requested, refused to certify the name of that person for the reason that he was not a veteran. Instead of complying with this request they certified the names of the three veterans standing highest in grade on the list of those who had passed the examination.   They base such refusal and certification on G. L. c. 31, § 23, as amended by St. 1922, c. 463.   Its words, so far as here material, are: "The names of veterans who pass examinations for appointment to any position classified under the civil service shall be placed upon the eligible lists in the order of their respective standing, above the names of all other applicants . . . ."   The petitioner has the duty of making an appointment to the designated position and desires to appoint the person having the highest grading in accordance with the competitive examination.

It is not necessary to discuss the right of the petitioner to maintain this petition, although it is challenged, because if that point be assumed in his favor we are of opinion that he cannot prevail.

It is not questioned that the respondents, in dealing with the petitioner's requests, have proceeded in conformity to their rules and the terms of said § 23.   The contention of the petitioner is that said § 23 is unconstitutional.   He refers in this connection to arts. 6 and 7 of the Declaration of Rights of the Constitution of this Commonwealth and to the Fourteenth Amendment to the Constitution of the United States.   The pertinent words of the Declaration of Rights are: Art. 6.   "No man, nor corporation, or associ-

ation of men, have any other title to obtain advantages, or particular and exclusive privileges, distinct from those of the community, than what arises from the consideration of services rendered to the public; and this title being in nature neither hereditary, nor transmissible to children, or descendants, or relations by blood, the idea of a man born a magistrate, lawgiver, or judge, is absurd and unnatural." And art. 7. "Government is instituted for the common good; for the protection, safety, prosperity, and happiness of the people; and not for the profit, honor, or private interest of any one man, family, or class of men: . . ." Wide power is conferred upon the General Court by c. 1, § 1, art. 4, of the Constitution of the Commonwealth to establish and regulate the naming and settling of all civil officers not otherwise expressly provided for in the Constitution. All these constitutional declarations and mandates must be construed together to make an harmonious frame of government.

The meaning of these articles of the Declaration of Rights was expounded in *Brown* v. *Russell*, 166 Mass. 14. It there was held that a statute giving to veterans absolute preference in appointments without examination or other provision to determine their fitness for such appointment was contrary to said arts. 6 and 7. It there was said at pages 23, 24: "It may be said that, other qualifications being equal, there are reasons to believe that a veteran soldier or sailor often will make a better civil officer than a person who never has been subjected to the discipline of service in war, and it is distinctly a public purpose to promote patriotism, and to make conspicuous and honorable any exhibition of courage, constancy, and devotion to the welfare of the State, shown in the public service. These things, we assume, the Legislature may take into account in providing for appointments to office where the qualifications are not prescribed by the Constitution."

It is to be observed that the statute assailed in the case at bar gives to veterans no absolute and unconditional preference over others for appointment to the public service. Veterans must establish their qualification to perform the

required duties in the same way as all other applicants or candidates by passing the examinations conducted under the direction of the civil service laws before they can be considered for preferential certification.   Said § 23, therefore, does not fall within the classification held to be contrary to arts. 6 and 7 of the Declaration of Rights in *Brown* v. *Russell, supra*; it rather conforms to the intimation there made as to the justifiable limits of a preference in favor of veterans.   That section does not warrant the appointment or retention in the public service of the inferior or incompetent.   *Keim* v. *United States*, 177 U. S. 290.

The same point here raised in principle was presented in questions requiring an advisory opinion by the Justices of the Supreme Judicial Court in 1896.   A majority of the Justices, including the Chief Justice and two who in succession subsequently held that office, joined in an opinion upholding the constitutionality of the statute there in question.   The three remaining Justices took opposite views.   As might be expected of those Justices, the positions taken by the majority and the minority respectively were discussed with great clarity, conciseness and power.

Such opinions rendered in compliance with c. 3, art. 2, of the Constitution, although resting on judicial investigation and deliberation, are advisory in nature, given without the benefit of argument by counsel, state individual views, and are not binding authorities but are subject to reëxamination and revision if and when the points considered are raised in litigation.   When the same questions come before the court, the Justices guard themselves sedulously against influences flowing from views previously expressed.   *Inspector of Buildings of Lowell* v. *Stoklosa*, 250 Mass. 52, 59, and cases there cited.   *Woods* v. *Woburn*, 220 Mass. 416, 418.   None of the Justices now constituting the court participated in the *Opinions of the Justices* formulated in 166 Mass. 589.   The principle just stated, nevertheless, is applicable although commonly there has been occasion to invoke it when the same or mostly the same Justices as a court are required to decide a case in

litigation involving the same question touching which previously an advisory opinion has been required of them.

The opinions printed in 166 Mass. 589, have been carefully studied. The reasons on the one side and on the other are nearly evenly balanced. None have been suggested in argument and none have occurred to us which are not there elaborated. It seems inadvisable to expand the bulk of our reports by going over the same ground. Without further discussion, amplification or paraphrase we now adopt the opinion of the majority of the Justices there given as the judgment of the court in the present case.

There is confirmation of the soundness of this view in the treatment accorded to the majority opinion in 166 Mass. 589 in subsequent decisions of the court. That opinion was referred to in *Ransom* v. *Boston*, 192 Mass. 299, at page 304, as an important link in the chain of reasoning of the decision in these words: "The manifest purpose of the statute was to secure the employment of veterans in the labor service of the Commonwealth and its cities and towns in preference to all other persons . . . if the veterans are competent to perform the labor; and it was within the power of the Legislature to make this preference. *Opinion of the Justices*, 166 Mass. 589." In *Phillips* v. *Metropolitan Park Commission*, 215 Mass. 502, at page 506, occur these words touching another section of the civil service statute: "It concerns a preference in favor of veterans, the constitutionality of which had been much debated, *Brown* v. *Russell*, 166 Mass. 14, and, although sustained by a majority of the justices in an advisory opinion, 166 Mass. 589, in any event cannot go beyond closely confined boundaries." In *Rich* v. *Malden*, 252 Mass. 213, at page 215, it was said "The Legislature can confer on veterans of the Spanish War a preference in the classified civil service . . . . *Opinion of the Justices*, 166 Mass. 589." There is nothing inconsistent with this view in *Corliss* v. *Civil Service Commissioners*, 242 Mass. 61, where a different point was involved.

It follows that there is nothing in said § 23 in contravention of the provisions of the Constitution of this Common-

wealth, although it reaches close to the limit of legislative power.

This conclusion finds more or less support in decisions in other jurisdictions, although constitutional provisions may vary somewhat. *Shaw* v. *Marshalltown,* 131 Iowa, 128. *State* v. *Miller,* 66 Minn. 90. *Goodrich* v. *Mitchell,* 68 Kans. 765. Explicit words in the Constitution of New York rendered necessary a different result in *Barthelmess* v. *Cukor,* 231 N. Y. 435. The facts and terms of the statute assailed in *State* v. *Shedroi,* 75 Vt. 277, distinguish that decision from the case at bar.

Although the pleadings raise the constitutionality of said § 23 with reference to the Fourteenth Amendment to the Federal Constitution, we do not understand that any argument has been addressed to us on this point. In any event, it appears to have been decided adversely to the position of the petitioner in principle by *Heim* v. *McCall,* 239 U. S. 175, 191; *Lee* v. *Lynn,* 223 Mass. 109, 111, and cases there collected.

*Petition dismissed.*