## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

*Governor. Summary Process. Constitutional Law,* Separation of powers of government, Public emergency, Governor, Housing. *Public Safety. Housing.*

The Governor and Council, having no legislative power, cannot fix the period for discretionary stays of judgment and execution in actions of summary process, unless authority to do so is validly delegated to them by the General Court.

The Governor with the approval of the Council, even upon declaration of the existence of an emergency respecting the providing of shelter, would have no power under G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, or otherwise, to make and promulgate rules and regulations granting to the courts discretionary authority to stay judgment and execution in actions of summary process for a period longer than that fixed for such stays by St. 1946, c. 43, as amended by St. 1947, c. 78.

On October 15, 1947, the Justices sent the following answers to the questions submitted to them in the order of the Governor and Council quoted below:

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court in reply to your order of October 6, 1947, which is herein set forth, respectfully submit this answer to the question therein contained.

The order is as follows:

"WHEREAS there has recently been a sharp increase in the number of actions of summary process brought under the provisions of Chapter 239 of the General Laws of Massachusetts, (Ter. Ed.); and

"WHEREAS the authority granted to the courts under Chapter 78 of the Acts of 1947 to issue a stay of judgment and execution in such actions for a period not exceeding four months is inadequate because due to a

serious shortage of housing in the Commonwealth it is impossible for the evicted tenants in many cases to obtain shelter within that period; and

"WHEREAS it is urgent that the courts be given authority in their discretion to issue such stays of judgment and execution for a longer period in order that families will not be evicted and unable to find shelter during the coming months of severe weather with consequent serious danger to themselves and to the health and safety of the community; therefore, be it

"Can the Governor acting under the provisions of Chapter 23, Section 9–H of the General Laws of Massachusetts (Ter. Ed.) or under any other law of the Commonwealth, upon declaring that an emergency exists in respect to the providing of shelter, with the approval of the Executive Council, make and promulgate rules and regulations granting the courts discretionary authority to issue a stay of judgment and execution in actions of summary process for a period longer than four months now permitted by Chapter 78 of the Acts of 1947?"

The Constitution of this Commonwealth not only vests the legislative power in the General Court (Constitution, Part II, c. 1, § 1, art. 4), but also provides that "the executive [department] shall never exercise the legislative and judicial powers, or either of them," nor the judicial the legislative and executive powers, or either of them; "to the end it may be a government of laws and not of men." Declaration of Rights, art. 30. The General Court, in pursuance of its legislative powers, enacted what is now G. L. (Ter. Ed.) c. 239, providing for what in the title of that chapter is denominated "Summary Process for Possession of Land." Sections 9 to 11, inclusive, contain provisions for "a discretionary stay of judgment and execution" upon

application of the tenant in certain cases where the premises are occupied for dwelling purposes. The tenant on his part must comply with stated conditions. These provisions were obviously designed to mitigate hardships to tenants, and at the same time to protect adequately the rights of the owner of the premises.   By St. 1927, c. 339, § 2, it was expressly provided that such stay should not exceed a period of one month. This was extended to two months by the temporary St. 1941, c. 700, § 1, and by St. 1946, c. 43, § 1, it was provided that the period should not exceed three months. This act was to become inoperative on October 31, 1947. § 2. By St. 1947, c. 78, § 1, approved February 21, 1947, it was provided that the period should not exceed four months, and by § 2 the time when the statute should become inoperative was fixed as March 31, 1948. It is apparent from what has been said that the General Court has repeatedly given direct attention to the matter of the stay of judgment and execution in these cases and as an exercise of legislative power as late as February of this year limited such stay to a period not exceeding four months. The Governor and Council, having no legislative power, cannot now change that limitation or continue it in force or create new limitations when the present statute becomes inoperative, unless authority to do so can be discovered in other legislation of the General Court making a valid delegation to the Governor and Council of power to change the limitation which the General Court has itself so recently fixed or to create new limitations when the present statute expires.

The question submitted to us suggests the possibility that such delegated power may be found in G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4. This section provides in substance, so far as material to the question, that whenever the Governor shall determine that an emergency exists in respect to a common necessary of life, including the providing of shelter, he may, with the approval of the Council, designate certain State officers to act as an emergency commission, which shall have, with

respect to such necessary of life, all powers granted by the Commonwealth defence act of 1917 (St. 1917, c. 342) to persons designated or appointed by the Governor under § 12 of that act. Then follows this sentence, "During such an emergency, the governor, with the approval of the council, may make and promulgate rules and regulations, effective forthwith, for the carrying out of the purposes of this section and for the performance by the Commonwealth and the cities and towns thereof of any function affecting food or fuel or any other common necessary of life, including the providing of shelter, authorized under Article XLVII of the amendments to the constitution." The act of 1917 is "made operative to such extent as the provisions of this section may from time to time require." Section 12 of the Commonwealth defence act of 1917, to which reference is thus made in G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, authorized the Governor to confer upon such officials or other persons as he might select "full power and authority to do in his name whatever may be necessary" to carry into effect the powers conferred on him by that act. It will be seen that the reference in G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, to the powers of officials or other persons appointed by the Governor under § 12 of the Commonwealth defence act of 1917, brings into the purview of § 9H all the pertinent provisions of the 1917 act. We have therefore made a careful examination of all the provisions of that act.

The Commonwealth defence act of 1917 conferred upon the Governor, acting with the advice and consent of the Council, extensive powers for obtaining information with respect to various matters of importance in the state of war then existing. It further provided in § 6 that "Whenever the governor shall believe it necessary or expedient for the purpose of better securing the public safety or the defence or welfare of the commonwealth, he may with the approval of the council take possession: (a) Of any land or buildings, machinery or equipment . . ." and of specified articles of personal property, including horses, vehicles,

ships, rolling stock of railroads, provisions, fuel, and gasoline. This section further provided for the employment by the Governor of "all property so taken possession of for the service of the commonwealth or of the United States, for such times and in such manner as he shall deem for the interests of the commonwealth or its inhabitants," including the sale or gratuitous distribution of food, fuel and gasoline. There are provisions for compensation to the owners of property of which possession is taken. It seems plain that the pertinent portions of the Commonwealth defence act of 1917 were designed to permit the seizure and application to public use of property for the public use of which there might arise an acute need in the conditions brought about by war. Beyond this the act did not go in any of its provisions conferring powers upon the Governor or upon the Governor and Council with respect to property rights. It did not purport to confer any powers of regulation over property not seized, or any power to regulate the procedure of courts in private litigation with respect to property in private ownership and possession.

General Laws (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, also contains a reference to art. 47 of the Amendments to the Constitution. This article reads, "The maintenance and distribution at reasonable rates, during time of war, public exigency, emergency or distress, of a sufficient supply of food and other common necessaries of life and the providing of shelter, are public functions, and the commonwealth and the cities and towns therein may take and may provide the same for their inhabitants in such manner as the general court shall determine." This article makes clear that the providing of shelter may become a public object for which public moneys may be expended as the General Court may determine. We think that this was the true purpose for which the amendment was passed, and that when that purpose is kept in mind the words "the providing of shelter" cannot be extended to include the regulation of proceedings in court in private litigation over the possession of existing dwellings, and that neither the

people in adopting art. 47 of the Amendments nor the General Court in referring to that amendment in G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, intended to include such regulation.

It is our conclusion that G. L. (Ter. Ed.) c. 23, § 9H, as appearing in St. 1939, c. 261, § 4, does not, either by its own words or by virtue of any reference contained in it, authorize the Governor or the Governor and Council to make and promulgate rules and regulations of the kind referred to in the question submitted to us. The provision for punishment by fine or imprisonment for violation of any rule or regulation made pursuant to § 9H is entirely consistent with the construction we give to that section, but would seem inappropriate if it was intended that such rule or regulation would be concerned with the orders of courts in litigation before them. We are not aware of any law by authority of which the Governor or the Governor and Council can change the provision of St. 1947, c. 78, fixing at four months the period of discretionary stay of judgment and execution in actions of summary process or can substitute any regulation of their own when that statute becomes inoperative.

The reasoning on which this opinion proceeds renders it unnecessary to express any opinion whether in any event the specific provision of St. 1947, c. 78, would be deemed to have superseded any authority of the Governor and Council to act in the matter, if under previous statutes they had had such authority. Neither do we express any opinion whether the powers conferred upon the General Court by art. 47 of the Amendments can be delegated, or whether, if previous statutes had purported to delegate to the Governor and Council authority to act in the manner set forth in the question, such delegation would be sufficiently particular to meet the requirement of art. 20 of the Declaration of Rights, which reads, "The power of suspending the laws, or the execution of the laws, ought never to be exercised but by the legislature, or by authority derived from it, to be exercised in such particular cases only

as the legislature shall expressly provide for." See *Opinion of the Justices*, 315 Mass. 761, 768–769. And we hardly need add that we do not deal in any way with the power of the General Court itself to regulate the subject matter by appropriate legislation.

Our answer to the question submitted is "No."

STANLEY E. QUA.
HENRY T. LUMMUS.
ARTHUR W. DOLAN.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.