OPINION OF THE JUSTICES TO THE GOVERNOR AND
COUNCIL.

*Civil Service. Veteran. Constitutional Law,* Public employment, Opinions
of the Justices. *Governor and Council. Supreme Judicial Court,*
Opinions of the Justices.

Under the Constitution and G. L. (Ter. Ed.) c. 31, § 3, as appearing in
St. 1945, c. 702, the Governor and Council have power to approve an
amendment of civil service rule 21 of 1946 by adding thereto a second
paragraph providing that in "competitive examinations for promotion
to any position in the classified official service the director shall add
two points to the general average mark obtained by any veteran, as
defined in" § 21, "providing such veteran has first obtained a passing
mark in said examination"; and also to approve an amendment of
the first paragraph of rule 30, which relates to promotions in the classi-
fied labor service "of persons having the required qualifications," by
substituting the word "length" for the words "point of seniority"
in the phrase "in point of seniority of service" wherever that phrase
appears, and by adding a new sentence, "One year shall be added to
the length of service of veterans, as defined in" § 21, "for the purpose
of computing length of service under this rule."

Section 3 of G. L. (Ter. Ed.) c. 31, as appearing in St. 1945, c. 702, does
not attempt to state how much weight shall be given to the phrase in
(f), "merit ascertained by examination, and seniority of service," as
opposed to the phrase in (g), "preference to veterans"; a large measure
of discretion is reposed in the civil service commission as to the weight
to be given to each of those factors in framing their rules.

The power of the Governor and Council under G. L. (Ter. Ed.) c. 31, § 3,
as appearing in St. 1945, c. 702, is limited to approval or disapproval
of rules and amendments made by the civil service commission; they
have no power to substitute an amendment of their own for an amend-
ment submitted to them by the commission.

Under c. 3, art. 2, of the Constitution, opinions of the Justices of the
Supreme Judicial Court cannot be required on hypothetical questions
to which answers are not made necessary by any immediately existing
occasion.

On March 2, 1949, the Governor and Council adopted
the order described below and on March 3 transmitted it to
the Justices of the Supreme Judicial Court, who, on March
23, 1949, sent the following answers.

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court, in reply to your order of March 2, 1949, a copy of which is hereto attached, respectfully submit these answers to the questions therein contained.

The questions relate to proposed amendments to two of the civil service rules in the matter of preference to veterans in promotions. It appears from the order that these amendments have been prepared by the civil service commission and submitted to the Governor and Council for approval pursuant to G. L. (Ter. Ed.) c. 31, § 3, as appearing in St. 1945, c. 702.

The present Rule 21[1] reads, "1. Promotions in the Classified Official Service shall be on the basis of merit ascertained by examination and seniority of service." The first proposed amendment would add to this rule a second paragraph as follows: "2. In competitive examinations for promotion to any position in the Classified Official Service the Director shall add two points to the general average mark obtained by any veteran, as defined in General Laws, Chapter 31, section 21, providing such veteran has first obtained a passing mark in said examination."

The first paragraph of the present Rule 30 reads, "1. Promotions in the Classified Labor Service, shall, if practicable, be made from lower grade or grades as determined by the Director, of persons having the required qualifications and willing to accept such promotion. Selection shall be made from the three such oldest persons in point of seniority of service or if more than one vacancy from the same number of those oldest in point of seniority of service as provided for certification of eligibles under Rule 14. If there are less than three such persons, selection may be made from the lesser number." The remaining proposed amendments would substitute the word "length" for the words "point of seniority" in the phrase "in point of seniority of service"

[1] Approved by the Governor and Council on June 26, 1946. — REPORTER.

in each of the two places where this phrase appears in the paragraph, and would add at the end of the paragraph a new sentence as follows: "One year shall be added to the length of service of veterans, as defined in Chapter 31, Section 21, for the purpose of computing length of service under this rule."

The questions contained in the order read as follows:

"1. In view of the provisions of s. 3, paragraph 1, subsection (f) of c. 31 of the General Laws, which state, among other things, the following: 'Subject to the approval of the Governor and Council, the commission from time to time shall make and may amend rules which shall regulate the selection and employment of persons . . . consistent with law and [which] shall include provisions for the following: . . . (f) Promotions, on the basis of merit ascertained by examination and seniority of service', do the Governor and Council have the power to approve the first of the amendments?

"2. In view of said provisions of the General Laws, c. 31, s. 3, and in view of the provisions of and articles VI and VII of Part the First of the Constitution of Massachusetts, if the Governor and Council should disapprove the said first amendment, do they have the power to substitute in place thereof an amendment which would provide a preference to veterans other than that made by the said civil service commissioners, such as the 'full preference to veterans' in the matter of promotions now provided in the case of original appointment by G. L. c. 31, s. 23?

"3. In view of the provisions of law and the Constitution of Massachusetts above referred to, if the Governor and Council should disapprove the said first amendment and if the said civil service commissioners should prepare and submit another amendment in place thereof which provides 'the full preference to veterans' in the matter of promotion now provided in the case of original appointment by G. L. c. 31, s. 23, do the Governor and Council have the power to approve the same?

"4. In view of the provisions of law and the constitution above referred to, do the Governor and Council have the power to approve any rule providing preference to veterans in promotions in the official service other than a preference among those who are equal in merit, as ascertained by examination, and equal in seniority of service?

"5. In view of the provisions of law and the Constitution of Massachusetts above referred to, do the Governor and Council have the power to approve the second of the amendments?

"6. In view of said legal and constitutional provisions, if the Governor and Council should disapprove the said second amendment, do they have the power to substitute in place thereof an amendment which would provide a preference to veterans other than that made by the said civil service commissioners, such as the 'full preference to veterans' in the matter of promotions now provided in the case of original appointment by G. L. c. 31, s. 23?

"7. In view of the provisions of law and the Constitution of Massachusetts above referred to, if the Governor and Council should disapprove the said second amendment and if the said civil service commissioners should prepare and submit another amendment in place thereof which provides 'the full preference to veterans' in the matter of promotion now provided in the case of original appointment by G. L. c. 31, s. 23, do the Governor and Council have the power to approve the same?

"8. In view of the provisions of law and the constitution above referred to, do the Governor and Council have the power to approve any rule providing preference to veterans in promotions in the labor service other than a preference among those who are equal in seniority of service?

"9. Is it mandatory under General Laws, Chapter 31, Section 3, Subsection 1 (g), for the Civil Service Commission to make a rule regulating the selection and employment of persons to fill positions in the official service and labor service of the Commonwealth and of the cities and towns thereof, which rule shall grant to veterans the same

preference in promotion in said services as they are now granted in appointment thereto?"

Reference is made in one of the questions to arts. 6 and 7 of the Declaration of Rights, and in any event the questions could not properly be answered without some consideration of the limits within which, under the Constitution, preference may be granted to veterans over other citizens in the matter of employment or promotion in the public service. When veterans' preference appeared in our statutes it was seriously doubted whether the constitutional equality of all citizens in respect to their civil rights and the obvious necessity that public servants should be selected with reference to fitness would permit the Legislature to authorize any specially favored treatment of veterans as such. It was argued, however, that the training, discipline, and experience of a person in the armed services could be thought by the Legislature to have some bearing upon his fitness for public service in civil life, and that it was also in the public interest to recognize and honor the sacrifice of those who had been called to the defence of the State. In *Brown* v. *Russell*, 166 Mass. 14, decided in April, 1896, it was held that, at least as to public offices as distinguished from employments, a statute which compelled the appointing power to accord an absolute preference to veterans, "without the exercise on its part of any discretion, and without the favorable judgment of some legally constituted officer or board designated by law to inquire and determine whether the persons to be appointed are actually qualified to perform the duties which pertain to the offices" (166 Mass. at page 25), was unconstitutional. This decision still stands. See *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 165; *Dunn* v. *Commissioner of Civil Service*, 281 Mass. 376, 377; *Nichols* v. *Commissioner of Public Welfare*, 311 Mass. 125, 131. It at least marks a limit beyond which veterans' preference cannot be carried.

Later in the same year the subject was presented to the Justices upon questions of the Acting Governor and the

Council, and was considered in *Opinion of the Justices*, 166 Mass. 589. The legislation and the proposed rules then under consideration did not grant an absolute preference to veterans. They provided (1) that veterans might demonstrate their qualifications by first passing examinations under the civil service statutes and rules, and that after passing they were to be preferred in appointment to the classified service over all male persons not veterans; (2) that the appointing power might call for the names of veterans who had applied without examination and might appoint them but, as the law was interpreted, was not obliged to appoint them unless they were found qualified; and (3) that in the labor service veterans who, as the law was interpreted, were found competent to perform the labor should enjoy preference over all others except women. Four of the seven Justices, giving weight to the arguments in favor of veterans hereinbefore suggested, and recognizing that the law, interpreted as stated above, did not create absolute preferences and still permitted a determination as to capacity or ability to do the work, gave their opinion that all three provisions were valid. The three remaining Justices agreed with the majority as to the second provision, since that simply left the same discretion in the appointing power which it had before any civil service law was enacted. They disagreed with the majority as to the first and third provisions and expressed their view that being a veteran did not bear such a relation to the duties to be performed as to show special fitness to perform them and therefore could never, even after successful examination, be made a decisive test as between a veteran and a person not a veteran. In subsequent litigated cases can be found several expressions tending in some degree to support the views of the majority of the Justices. See *Ransom* v. *Boston*, 192 Mass. 299, 304; *Phillips* v. *Metropolitan Park Commission*, 215 Mass. 502, 506; *Corliss* v. *Civil Service Commissioners*, 242 Mass. 61, 65. But see *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1, 4.

Finally, in the decided case of *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410, the question arose

as to the constitutionality of G. L. c. 31, § 23, as it appeared in St. 1922, c. 463. This statute was the same as G. L. (Ter. Ed.) c. 31, § 23, before its amendment (in respects not presently material) by St. 1939, c. 238, § 30. It provided that the names of veterans who passed examinations for appointments[1] to any classified position should be placed upon the eligible lists above the names of all other applicants, except disabled veterans, thus granting a preference approaching an absolute one to veterans in the matter of appointments, except that they must pass the examination. The court definitely adopted as the ruling of the court the views expressed by the majority of the Justices in *Opinion of the Justices*, 166 Mass. 589, and held the statute constitutional. See *Canty* v. *City Council of Lawrence*, 275 Mass. 261, 263; *Goodale* v. *County Commissioners of Worcester*, 277 Mass. 144, 147–148; *Malloy* v. *Mayor of Peabody*, 299 Mass. 110, 114–115; *Younie* v. *Director of Division of Unemployment Compensation*, 306 Mass. 567, 570–571; *Opinion of the Justices*, 320 Mass. 773, 780–781.

If the civil service rules are amended as proposed they will not only require veterans in the classified official service to pass examinations but will give them no absolute preference if they do pass. Veterans will receive only the advantage of two points on "the general average mark." Veterans in the classified labor service will receive only the advantage of one year in length of service and must still be "persons having the required qualifications." It seems plain that the preferences so given as to promotions would be less extensive than the preference as to appointments contained in § 23 of the statute and held valid in *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410. It follows that the proposed amendments to the rules are not unconstitutional.

It remains to be considered whether the proposed amendments are within the provisions of the governing statute and

---

[1] Section 23 applies only to original entry into the service and does not extend to promotion within it. *MacCarthy* v. *Director of Civil Service*, 319 Mass. 124.

comply with its terms. General Laws (Ter. Ed.) c. 31, § 3, as appearing in St. 1945, c. 702, provides that, subject to the approval of the Governor and Council, the civil service commission shall make and may amend rules which shall regulate the selection and employment of persons to fill positions subject to the chapter; that such rules shall be "of general or limited application and consistent with law and shall include provisions for the following: . . . (f) Promotions, on the basis of merit ascertained by examination, and seniority of service. (g) Preference to veterans in appointment and promotions." It is immediately apparent that if subsections (f) and (g) were each to be construed separately as if the other did not exist there would be conflict between them, since promotion wholly on the basis of merit ascertained by examination and seniority of service would be inconsistent with promotion wholly on the basis of preference to veterans. Moreover a similar conflict would exist within subsection (f) between promotion on the basis of merit ascertained by examination and promotion on the basis of seniority of service. Of this last mentioned conflict we said in *McDowell* v. *Hurley*, 291 Mass. 258, 260, that "The statute does not attempt to say how much weight shall be given . . . to ascertained merit or to seniority of service as opposed to each other." As we have already shown, promotion based entirely on preference to veterans, without other test or opportunity for exercise of judgment by the appointing or other appropriate authority, would be unconstitutional. From an examination of § 3 as a whole we think the true conclusion is that no one of its subsections is paramount over the others;[1] that some must yield to some extent in order that others may have some effect; that the civil service commission in framing its rules must give some weight to all of them; but that a large measure of discretion is reposed in the commission as to the weight to be given to each of the several factors;

[1] There may be some significance in the fact that among the changes introduced into § 3 by St. 1945, c. 702, was the omission from what is now subsection (g) of the words "not inconsistent with this chapter."

and that the statute itself "does not attempt to say how much weight shall be given" to "merit ascertained by examination, and seniority of service" as opposed to "Preference to veterans." It is a general rule of statutory construction that all provisions must be so construed that they can operate harmoniously together. *Younie* v. *Director of Division of Unemployment Compensation*, 306 Mass. 567, 571–572. *Commissioner of Corporations & Taxation* v. *Springfield*, 321 Mass. 31, 35–36.

Preference to veterans must be a reality. It cannot be made illusory or a mere gesture. But preferences of two points added to the general average mark on any reasonable examination scale, and of one year added to length of service, cannot be pronounced illusory. In practice they would give to veterans a substantial advantage over others. That is all that § 3, cl. 1 (g), can fairly be construed to require. There is no requirement that the rules of the commission shall carry the preference in promotion as far as § 23 carries the preference in original appointments, or to the extreme limit of constitutionality.

It follows that the proposed amendments to the rules are within the authority of the civil service commission to make, and that the Governor and Council have the power to approve them.

The Governor and Council have no inherent legislative power. *Opinion of the Justices*, 321 Mass. 772, 774. And no power to enact rules has been delegated to them by the statute. The rule making power in the first instance is vested solely in the commission. The power of the Governor and Council is limited to approval or disapproval of rules or amendments made by the commission. Therefore the Governor and Council cannot substitute an amendment of their own for an amendment submitted to them by the commission.

From what has been said it follows that the answer to question 1 is "Yes"; the answer to question 2 is "No"; the answer to question 5 is "Yes"; and the answer to question 6 is "No."

Questions 3 and 7 are hypothetical in nature and are not involved in any problem presently before the Governor and Council for solution. For many years the Justices have believed that the provisions of Part the Second, c. 3, art. 2, of the Constitution by which their opinions could be required "upon important questions of law, and upon solemn occasions" were not intended to require them to give opinions upon abstract questions to which answers were not made necessary by any immediately existing occasion. See *Opinion of the Justices*, 126 Mass. 557, 566; *Answer of the Justices*, 148 Mass. 623, 626; *Answer of the Justices*, 211 Mass. 630; *Opinion of the Justices*, 313 Mass. 779, 781; *Opinion of the Justices*, 314 Mass. 767, 770–772; *Answer of the Justices*, 319 Mass. 731. In so far as questions 4, 8, and 9 relate to the problems presently before the Governor and Council the answers to them are comprehended within the answers already given to questions 1 and 5. For the reasons stated we respectfully request to be excused from answering questions 3 and 7, and to be excused from further answering questions 4, 8, and 9. See *Answer of the Justices*, 150 Mass. 598, 601–602.

STANLEY E. QUA.
HENRY T. LUMMUS.
ARTHUR W. DOLAN.
JAMES J. RONAN.
RAYMOND S. WILKINS.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.