The Honorable William H. Townsend State Representative 1304 Wright Avenue Little Rock, Arkansas 72206-1069
Dear Representative Townsend:
This is in response to your request for an opinion on the following three questions:
 1. Whether or not an eligible veteran who was denied veterans preference in employment with a state agency is entitled to a review hearing of the agency director's explanation denying preference in employment to said veteran?
 2. Whether or not a request from an eligible veteran for a review hearing of the agency director's explanation denying veteran preference in employment is a grievance governed by the State Grievance Review committee rules of administrative procedure?
 3. Whether or not the Arkansas Veterans Preference Review Committee has the authority to deny a request for a review of an agency director's explanation denying veteran preference in employment to an eligible veteran pursuant to the Governor's Proclamation of September 7, 1990 establishing the Arkansas Veterans Preference Review Committee?
In response to your first question, the relevant Arkansas statutes do not provide for any type of hearing on an agency director's explanation denying employment to a veteran. See
A.C.A. § 21-3-303 (1987). The statutes require only a written explanation. An executive order of the Governor issued in 1990, however, states that existing legislation does not provide for "adequate appellate review," and therefore creates the Veterans Preference Review Committee. See Executive Order effective Sept. 7, 1990. The Executive Order tracks the requirement of the statute that a written explanation be provided, and then states that within thirty days of the date of the written explanation, the person denied preference may request the Committee's review of the director's decision. The Committee may only issue an "advisory" determination. The final decision remains with the agency director.
An executive order of the Governor therefore provides for a review hearing of agency decisions with regard to the nonselection of veteran employment applicants.[1] Whether the hearing procedures of the executive order apply in a given circumstance, however, would require reference to all of the facts surrounding the nonselection of the applicant, including the agency involved, and the status of the applicant (i.e., whether he or she is or is not an "incumbent state employee.")
It is my opinion that the answer to your second question is "no." The State Grievance Review Committee was created by Executive Order 86-1. The order requires the adoption of "employee grievance procedures" and requires agencies to encourage the use of the grievance policy to resolve grievances "arising in the course of public employment." It is my opinion, reading the order as a whole, that it has no application to grievances raised byapplicants for state positions. It applies, rather, to certain grievances of current state employees.
In response to your third question, it is my opinion that although the Executive Order effective September 7, 1990 requires the Committee, if a hearing is requested, to provide the agency director and the grievant with its advisory determination, it should also be noted that the Committee is invested with the duty to "develop procedures necessary to carry out the requirements" of the order. These procedures do not address the situations in which a review hearing may be denied. Paragraph (2) of the procedures states only that "[a]ny non-state employee who is a qualified veteran . . . and who is considered an eligible applicant . . . shall be eligible to file an appeal to the Veterans Preference Review Committee provided such applicant has requested and received a written response from the appropriate agency director. . . ." The procedures also provide, however, in paragraph (1), that [t]he Committee reserves the right to deviate from the rules of procedure if it determines that such deviation would be in the best interest of all concerned and would assist in the review of a case."
It is my understanding that the Review Committee, in the particular instance giving rise to your request, has denied a review hearing because the question presented for its review is the subject of a "pending federal lawsuit" filed by the veteran. Although this basis for denying a review hearing is not spelled out in the Veterans Preference Review Committee Rules, it is my opinion that the Committee may deviate from the general hearing requirement of those rules in this instance if "it would be in the best interest of all concerned and would assist in the review of a case." This is a judgment for the Committee to make. The proper forum for challenging the legality of this judgment is the judicial branch.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that the creation of the Committee under this Executive Order, as well as the supplying of definitions for terms used in the relevant statutes in Executive Order 89-1, might be subject to challenge as an executive attempt to "legislate." See, e.g., 81A C.J.S. States § 130 (b) at 568 (stating that the "governor has no right to legislate" and that "executive order[s] must be within the authority granted to the governor by the constitution or statutory provisions"); andOpinion of the Justices, 324 Mass. 736, 85 N.E.2d 238 (1949) (holding that although Governor and Executive Council had authority by statute to approve or disapprove rules submitted by Civil Service Commission on veteran's preference, they could not substitute their own rules, as neither has any inherent legislative power).