JOHN J. CORLISS *vs.* CIVIL SERVICE COMMISSIONERS & others.

Suffolk.    March 10, 1922. — June 28, 1922.

Present: RUGG, C.J., DE COURCY, CARROLL, & JENNEY, JJ.

*Veteran.    Civil Service.*

Rule 19, § 1, of the civil service commissioners, which remained unchanged after the adoption of the revision of the statutes contained in the General Laws and the express repeal therein of St. 1919, c. 150, and R. L. c. 19 (except §§ 10, 11, not here applicable), was inconsistent with G. L. c. 31, which contains no provision compelling the appointment and employment of a veteran in preference to others whose names with his were certified for appointment upon an application made under the provisions of the chapter, and, under the provisions of § 3 of the chapter, was of no force or effect on August 17, 1921.

PETITION, filed in the Supreme Judicial Court on September 29, 1921, against the board of commissioners of civil service

and the board of overseers of the poor of the city of Worcester, for a writ of mandamus directing the respondents to place the petitioner in the position of superintendent of the Worcester Home Farm and to pay to him a salary from August 17, 1921, the date on which one Arthur G. Humphries was appointed in the circumstances described in the opinion, "or otherwise provide for the proper installation of the petitioner in the said position."

The petition was heard by *Braley,* J., who found the facts, ordered the petition dismissed and at the request of the petitioner reported the case to the full court for determination.

The following rules of the civil service commissioners are material:

Rule 19, § 1. "Whenever any appointing officer shall make requisition not expressly calling for women, the commission shall certify from such list as it shall deem suitable first the names of all veterans upon such list who have passed the examination for the position sought, in the order of the respective standing of such veterans; and the position, if filled, must be filled by the appointment and employment of some veteran so certified; and in case there is no such veteran upon the list, the commission may certify from any list which it deems suitable."

Rule 21, § 2. "On any requisition to fill a vacancy or vacancies, certification, except as provided in section 4 of this rule, shall be made as follows:

"For 1 vacancy, 3 names.     For 4 vacancies, 6 names.
  2 vacancies, 4 names.        5 vacancies, 7 names.
  3 vacancies, 5 names.

"For each multiple of five vacancies, the same multiple of seven names; for vacancies from one to four inclusive over a multiple of five, additional names according to the above table."

Rule 25. "1. In the selection from the persons whose names are certified by the commission, the appointing officer, if he so desires, will be allowed to examine the applications, the certificates and examination papers of the persons certified; and, in the exercise of his responsible power of selection, he may summon personally before him the certified persons for such inquiries as he may deem proper."

*E. Brown,* for the petitioner.

*A. C. York,* Assistant Attorney General, (*J. W. Mawbey & F. L. Riley* with him,) for the respondents.

DE COURCY, J.   The position of superintendent of the Worcester Home Farm, created by the board of overseers of the poor of the city of Worcester, is included within the classified civil service under G. L. c. 31, § 4, and the civil service rules promulgated thereunder.   A vacancy occurring, applications were made and examinations were passed by the petitioner, by Arthur G. Humphries, and others.   Humphries received the highest percentage; but the petitioner's name was placed at the head of the list of persons eligible for said position, because of the fact that he was a veteran of the Spanish-American War.   The civil service commissioner certified three names to the board of overseers of the poor; they gave a hearing to the three applicants, and appointed said Humphries after due certification.   From the decision of the board the petitioner appealed to the civil service commissioner, who ruled that the appointment of Humphries was legal.   An appeal was taken therefrom to the full board of commissioners of civil service and they upheld the ruling of the commissioner and dismissed the appeal.   Thereupon this petition for a writ of mandamus was instituted, to compel the respondents to place the petitioner in the position of superintendent of the said home farm, and to pay over to him the salary since August 17, 1921, the date on which Humphries was appointed.   The case is here on the report of a single justice, made after he had ordered the petition dismissed; and at the request of the petitioner.

The civil service law in force at the time of the appointment in question, and at the present time, is G. L. c. 31.   The provisions therein for veterans' preference give to veterans who pass examinations for any position classified under the civil service the right to have their names placed upon the eligible lists in the order of their respective standing, "above the names of all other applicants." (§ 23.)   Upon receipt of a requisition from an appointing power (not especially calling for women) § 23 further provides "names shall be certified from such lists according to the method of certification prescribed by the civil service rules applying to civilians."   A like provision is made for veterans who register for employment in the labor service of the Commonwealth, cities and

towns, by § 24; and by § 25 veterans have a preference in the matter of provisional appointment in the absence of an eligible list from which to certify names to fill a requisition. An additional preference is given by § 22 to a veteran of the Civil War, or a person who has received a medal of honor as provided in § 21, in that he "may apply to the commissioner for appointment or employment in the classified civil service without examination." It is obvious that the statute contains no provision which compels the appointment and employment of a veteran. While he is given preference on the certified lists submitted by the civil service commission, it seems apparent that the statute leaves to the appointing power the right to exercise his discretion in selecting an appointee therefrom. See Civil Service Rule 25.

The claim of the petitioner is based upon the language of Civil Service Rule 19, which provides (§ 1) that "the position, if filled, must be filled by the appointment and employment of some veteran so certified." This rule was originally adopted in 1897 to conform to the requirements of St. 1895, c. 501, and St. 1896, c. 517. At that time the only veterans of war to whom the statutes could have applied were those of the War of the Rebellion. In fact the 1896 act specifically stated: "The word 'veteran,' in this act shall mean a person who served in the army or navy of the United States in the time of the War of the Rebellion and was honorably discharged therefrom." As embodied in the Revised Laws (c. 19, § 21) the provision was: "A veteran may apply for examination under the rules, and if he passes the examination, shall be preferred in appointment and employment to all persons not veterans." Subsequent to the enactment of the 1896 statute occurred the Spanish-American War and the World War; and the legislature in 1919 enlarged the definition of "veteran" so as to include those who served in the army, navy or marine corps of the United States in time of war or insurrection. St. 1919, c. 150. It is significant that this statute contained no provision that veterans should be preferred in appointment and employment; except that the preference given by the earlier law to veterans of the Civil War was expressly preserved by § 5. Next came the present revision, G. L. c. 31, above set forth. These General Laws took effect from and after December 31, 1920; and they expressly repealed said St. 1919, c. 150, and R. L. c. 19, except §§ 10 and 11, which are not here applicable.

Whatever may be the explanation of the failure to expressly repeal or modify Civil Service Rule 19, § 1, it is obviously inconsistent with the existing civil service statute. The power conferred on the commissioner and associate commissioners of civil service by that statute § 3, to make rules and regulations, provides: "Such rules shall be of general or limited application, shall be consistent with law and shall include provisions for the following: . . . (f) Preference to veterans in appointment and promotion, not inconsistent with this chapter." As was said in *Phillips* v. *Metropolitan Park Commission*, 215 Mass. 502, 506, the design of the civil service law is "to secure efficiency in the public service and prevent discrimination in appointments to it based on any other consideration than fitness to perform its duties." And there are constitutional limitations to preferences in favor even of veterans. *Brown* v. *Russell*, 166 Mass. 14.

We cannot say that the civil service commissioners were in error in regarding said Rule 19, § 1, as of no present force and effect, and in merely certifying the petitioner's name to the appointing power, as they did. See Civil Service Rule 21, § 2. The board of overseers of the poor had the right to select an appointee from the certified list submitted to them; and the court cannot control the exercise of their discretion by a writ of mandamus. *Rea* v. *Aldermen of Everett*, 217 Mass. 427, 432.

*Petition dismissed.*