CHARLES E. CANTY *vs.* CITY COUNCIL OF LAWRENCE.

Essex.    March 6, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Veteran. Municipal Corporations,* Employees.

A veteran, who had been employed for several years as a carpenter in the service of a city not subject to the civil service laws and who was dismissed, without a statement of reasons therefor, at a time when there was work in his department for a carpenter to do, could not maintain a petition for a writ of mandamus to secure his reinstatement on the ground that his dismissal was in violation of G. L. c. 41, § 112, where nothing appeared as to his qualifications to perform the required duties of a carpenter or as to the qualifications as carpenters of other veterans or laborers in the city, and it did not appear that the city had failed to take the action which that statute prescribes to secure the employment of veterans in preference to others.

No rights of the petitioner in the proceedings above described were violated by the respondent in granting him a hearing on the question of his reinstatement as a matter of courtesy and not of right and in taking no action thereafter.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Essex on January 16, 1931.

The case was heard by *Field,* J., upon an agreed statement of facts, material portions of which, together with rulings requested by the petitioner and refused by the single justice, appear in the opinion. The single justice ordered the petition dismissed, not as a matter of discretion. The petitioner alleged exceptions.

*M. T. Currier,* (*H. W. Currier* with her,) for the petitioner.

*J. P. S. Mahoney,* City Solicitor, for the respondent.

SANDERSON, J. This is a petition for a writ of mandamus brought by a veteran within the meaning of G. L. c. 31, § 21, as amended by St. 1924, c. 155, seeking to be restored to his position as a carpenter in the service of the city of Lawrence. The parties agreed that for about six years before January 5, 1931, he had been in the employ of the city of Lawrence in the department of public prop-

erty and parks as a carpenter; that the respondents are the members of the city council of the city of Lawrence, the respondent Eberhardt having been elected alderman in December, 1930, and qualified as such on January 5, 1931, being also director of public property and parks; that after so qualifying Eberhardt on the date last mentioned dismissed the petitioner from service in his department without giving any reason therefor, and at that time there was work in the department for a carpenter to do. The city council granted a hearing to him upon his request for reinstatement but notified him that the hearing was given as a matter of courtesy and not as matter of right. The hearing was held but no action was thereafter taken by the respondents. The single justice declined to grant two of the petitioner's requests to the effect that he was competent to perform the work for which he was employed and it was the legislative intent that he should have the employment as long as he was ready and willing to perform the labor and was competent, and that the petitioner was illegally discharged in violation of G. L. c. 41, § 112. He ordered the petition dismissed but not as matter of discretion. The petitioner excepted to the refusal of the judge to give the two requests and to his order dismissing the petition.

The section of the statute last referred to is in the following terms: " In towns in which the provisions of chapter thirty-one and the rules governing the civil service have not been applied to the labor service, the selectmen and the city councils shall take any necessary action to secure the employment of veterans in the labor service of their respective cities and towns in preference to all other persons except women." It is not contended that the city of Lawrence has accepted the civil service act or is subject to its provisions and the rules adopted thereunder so far as its labor service is concerned. Nor is it contended that the population of the city is not less than one hundred thousand. See G. L. c. 31, § 47. Upon the facts disclosed by the record the petitioner is not registered in the labor service of the Commonwealth and is not entitled to the same rights as veterans so registered and appointed under

G. L. c. 31 and the civil service rules. *Ayers* v. *Hatch,* 175 Mass. 489, 490. *Sims* v. *Police Commissioner of Boston,* 193 Mass. 547. *Bates* v. *Selectmen of Westfield,* 222 Mass. 296. G. L. c. 41, § 112, by its terms applies only to municipalities in which the provisions of said c. 31 and rules governing the civil service have not been applied to the labor service.

There are no facts stated in the record as to the qualifications of the petitioner to perform the required duties of a carpenter and none with reference to the qualifications as carpenters of other veterans or laborers in the city, and it has not been made to appear that the city of Lawrence has failed to take such action as the statute prescribes to secure the employment of veterans in preference to others. Even in the case of veterans classified in the civil service the court in referring to G. L. c. 31, § 23, as amended by St. 1922, c. 463, has said that this statute gives them no absolute and unconditional preference over others for appointment to the public service. "Veterans must establish their qualification to perform the required duties in the same way as all other applicants or candidates by passing the examinations conducted under the direction of the civil service laws before they can be considered for preferential certification." *Mayor of Lynn* v. *Commissioner of Civil Service,* 269 Mass. 410, 412–413.

Upon this record no rights of the petitioner were violated in his dismissal without a statement of the reasons therefor at a time when there was work for a carpenter to do, nor in the action of the city council in connection with the hearing accorded him, nor in their failure to reinstate him after hearing.

*Exceptions overruled.*