No. 20,221.

E. B. BINGHAM, ET AL., *v.* TED BACH, ET AL., AS CIVIL
SERVICE COMMISSION OF THE CITY AND COUNTY OF
DENVER; BYRON J. HAZE, ET AL.

(377 P. [2d] 741)

Decided January 7, 1963.     Rehearing denied January 28, 1963.

Mr. FRANCIS R. SALAZAR, Mr. HERBERT W. DELANEY,
JR., Mr. BAILEY BELFOR, Mr. ROGER L. SIMON, for plain-
tiffs in error.

Mr. ROBERT S. WHAM, City Attorney, Mr. TY R. WIL-
LIAMS, Assistant, for defendants in error Ted Bach, et

al., as the Civil Service Commission of the City and County of Denver.

Messrs. HENRY and KEATING, for defendants in error Byron J. Haze, et al.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and are employed as policemen by the City and County of Denver. We will refer to them as plaintiffs. Defendants in error Bach, Bowman and Sweet are members of the Civil Service Commission of the City and County of Denver. We will refer to them as the Commission. The other named defendants in error are policemen employed by the City and County of Denver who appeared in the trial court as intervenors. They will be referred to as intervenors.

Plaintiffs and intervenors were all applicants for promotion to the rank of sergeant in the police department of the city. All had taken the steps and performed the conditions precedent to entitle them to that promotion. It was alleged by plaintiffs, and admitted by all the parties, that there were existing vacancies in the rank of sergeant warranting promotion of patrolmen to the higher rank, and that a proper request had been made to the Commission to submit a certified list of the names of persons eligible for promotion pursuant to applicable provisions of the charter of the City and County of Denver.

Plaintiffs sought to obtain: "a Temporary Restraining Order and Permanent Injunction against the Civil Service Commission of the City and County of Denver, State of Colorado, prohibiting that Board from certifying a promotion list to any office or for any purpose for pro-

moting from the rank of Patrolman to the rank of Sergeant on the Police Force of the City and County of Denver and State of Colorado, which contains in said certification a 5-point veteran preference for service-connected disabilities where said Commission does not have certification of a service-connected disability of 10 per cent or more * * * ."

A provision of the Colorado Constitution, Article XII, Section 14, relates to Veterans Preference. Plaintiffs assert that under that section there is no definition of the term "disability" and that to correctly define the term, " * * * reference must be made to the Statutes of the United States of America and to applicable presidential proclamations under which authority the department of war, navy department and the United States veterans administration were or are empowered to so certify service-connected disabilities. And that under said Statutes and proclamations only disability ratings of at least 10 per cent are authorized.

"7. That none of the said 'other applicants' have a service-connected disability which is certified or rated by the United States department of war, navy department or United States veterans administration at 10 per cent or above and none of those said 'other applicants' are entitled to said additional five veteran-preference points."

Plaintiffs alleged that the named defendants and "other applicants," unless the Commission was enjoined, would be given an additional 5-point advantage for service-connected disability notwithstanding that the claimed "disability" was less than the 10 per cent fixed by the United States government as the minimum to be recognized for purposes of disability benefits.

Answers were filed by the defendants and by the intervenors, the intervenors contending that they had shown such disabilities as entitled them to have added to their grades five points for service-connected disabil-

ity as well as the five points for service in the armed forces.

Pertinent provisions of the section of the Constitution of Colorado above mentioned are as follows:

"In each and every examination held or conducted by * * * the civil service commission of any political subdivision of the state, including cities, * * * chartered * * * under the XXth amendment to the constitution of the state of Colorado, * * * for appointment and employment in and promotions to offices and places of trust and employment in the classified civil service of the state, or in the civil service of any of its political subdivisions as aforesaid, the passing grade for each candidate shall be the same. Five points shall be added to the grades of candidates receiving a passing grade who served in the armed forces of the United States in times of war and who were honorably discharged therefrom. * * * Ten points shall be added to the grades of candidates receiving a passing grade who incurred disability in the line of duty while so serving and who were so discharged. Eligibility lists shall be kept and maintained for reasonable periods of all who have made passing grades in such examinations and the candidates placed thereon in the order of the grades received by them, including any points added as herein provided. The persons on said lists shall be deemed the most fit and of the highest excellence, and shall be appointed or promoted in accordance with their order thereon.

* * *

"The certificate of the war department, the navy department or of the United States veterans administration, or of any of the successors thereof, shall be conclusive proof of service, of honorable discharge, or of disability incurred in line of duty during such service."

The trial court, upon a stipulation covering all pertinent facts, entered its "Findings of Fact, Conclusions of Law, Decree and Judgment" which included the following:

"1. Plaintiffs and intervenors are police officers in the Police Department of the City and County of Denver, having the rank of patrolman, and each of them has taken and passed an examination given by defendants for the purpose of establishing an eligibility list for promotion to the rank of sergeant in said Police Department.

"2. In establishing the grade of each intervenor, defendants have credited each intervenor 5 points for having served in the Armed Services of the United States in times of war and an additional 5 points for having incurred disability in the line of duty while so serving, all of which points were so credited in an attempt by defendants to follow their interpretation of Section 14 of Article XII of the Constitution of the State of Colorado.

"3. In allowing such credits, the defendants relied upon letters and other documents issued by officers of the United States Veterans Administration.

"4. .The positions of plaintiffs and intervenors on the list of persons eligible for promotion to the rank of sergeant in the Police Department will vary greatly dependent upon whether or not intervenors are credited with the 5 points for having incurred disability in the line of duty.

"5. Some of the intervenors have been given credit for the 5 points for disability incurred in the line of duty, even though such persons have not incurred disability as great as 10%, which is the rating of disability required by the Veterans Administration to entitle persons to disability compensation under the statutes of the United States.

"CONCLUSIONS OF LAW

"6. The Civil Service Commission should add to the passing grade of a candidate for a civil service position 10 points (5 points for service and 5 points for service connected disability), if that candidate has in-

curred disability in the line of duty while serving in the armed services of the United States as provided in Section 14 of Article XII of the Constitution of the State of Colorado, and this is not limited to only those candidates who show a disability of 10% or more. The commission may not refuse to give the extra 5 points for disability to a candidate who is disabled, because it is not a 10% or greater disability. The candidate may be given the extra 5 points for service connected disability even though the disability is not as great as 10%.

"7. It is not the function of the court to write the regulations for the commission nor to instruct the commission how to administer the statutes and its general affairs. The manner in which it shall determine who is entitled to the extra 5 points is up to the commission. It must follow the Constitution. A candidate, first, must have served in the armed services. Second, he must have received an honorable discharge. Third, he must have some disability connected with his service as a member of the armed services.

"8. If a candidate presents to the Civil Service Commission a certificate from the United States Veterans Administration, or from the Department of War, or the Army or Navy, and that certificate certifies to certain facts with reference to that candidate's service, it is conclusive. If such a document is presented to the Civil Service Commission, the commission is bound by it and the facts stated in such a certificate cannot be refuted or disputed by the commission or anyone else. It is the function of the Civil Service Commission to determine in the first instance whether the documents presented by a candidate do or do not constitute a certificate within the meaning of the Constitution, * * * ."

"9. If in applying the Constitution and these conclusions of law to an individual case the defendant Civil Service Commission commits an error, its determination may be reviewed in an appropriate civil action.

"DECREE AND JUDGMENT

"THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"1. The temporary restraining order heretofore issued is dissolved.

"2. No permanent injunction is to be issued or will be issued.

"3. The necessity of filing a motion for a new trial is dispensed with."

We find no error in the conclusions of the trial court. The veterans preference provision of the constitution contains no language limiting its application to a percentage of disability, and so may not reasonably be interpreted as contended for by plaintiffs.

The judgment is affirmed.