ANTHONY M. SESKEVICH vs. CITY CLERK OF
WORCESTER & others.

Worcester.   November 7, 1967. — December 4, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, &
REARDON, JJ.

Civil Service.   Veteran.   Equity Pleading and Practice, Declaratory pro-
ceeding, Parties.

G. L. c. 31, § 23, does not preclude an appointment to a civil service posi-
tion of the lower in standing of two disabled veterans certified on an
eligible list.   [356]
An appointment by a city council to the civil service position of assistant
city clerk in 1966 was not void by reason of the fact that the city clerk,
who was also clerk of the council, reviewed the examination papers
and gradings of eligible persons and recommended the appointment
made.   [356–357]
A demurrer to the bill in a suit in equity for declaratory relief should
not be sustained where the bill states a case for such relief, even
though on the facts alleged the result must be adverse to the plaintiff.
[357]
In a suit in equity for declaratory relief in which the bill raised the issues
of the validity of a civil service appointment by a municipal appointing
authority from an eligible list and the right of another person on the
list to the position, but did not set forth any dispute involving the
Civil Service Commission and the Director of Civil Service, who were
joined as defendants, the bill was demurrable as to the commission
and the director.   [357]

BILL IN EQUITY filed in the Superior Court on May 26,
1966.

The plaintiff appealed from decrees entered by Meagher, J.

Richard J. Sarapas for the plaintiff.

Henry P. Grady, Assistant City Solicitor, for the de-
fendants.

Edward W. Hanley, III, Deputy Assistant Attorney
General (Howard M. Miller, Assistant Attorney General
with him), for the Director of Civil Service & another.

WHITTEMORE, J.   The plaintiff, Seskevich, sought a decla-
ration under G. L. c. 231A that he is entitled to be appointed

first assistant city clerk of the city of Worcester.  In the Superior Court the demurrer of certain defendants, that is, the members of the city council, the city treasurer, the city clerk and Thomas F. Donahue, was sustained.  Also there was allowed a "motion to dismiss" filed by the defendant members of the Civil Service Commission and the Director of Civil Service.  A final decree dismissing the bill was entered.  The plaintiff appealed from the decrees sustaining the demurrer and allowing the "motion to dismiss" and from the final decree.  The substantive issue is whether the city council validly appointed to the office the defendant Donahue.  The plaintiff and the demurring defendants have asked that we decide that issue on the facts alleged.

The bill of complaint alleges that the Director of Civil Service had certified as eligible two disabled veterans, Seskevich as No. 1 and Donahue as No. 2.  On motion in the city council on May 2, 1966, to appoint Seskevich, a council member requested the city clerk's recommendation.  The city clerk stated that he had reviewed the examination papers and gradings and had "found considerable discrepancy in the grading of the practical questions" and that he recommended the appointment of Donahue.  The motion to appoint Seskevich was defeated.  On May 9, 1966, at an executive session, the city clerk looked at and discussed the examination papers of Seskevich and Donahue, and stated that in his view the papers were incorrectly graded.  The city council thereafter voted to appoint Donahue.

The statute provides (G. L. c. 31, § 23): "The names of persons who pass examination for appointment to any position classified under the civil service shall be placed upon the eligible lists in the following order: — (1) Disabled veterans as defined in section twenty-three A, in the order of their respective standing; (2) veterans in the order of their respective standing; (3) persons described in section twenty-three B in the order of their respective standing; (4) other applicants in the order of their respective standing. Upon receipt of a requisition not especially calling for women, names shall be certified from such lists according to the

method of certification prescribed by the civil service rules applying to civilians. A disabled veteran shall be appointed and employed in preference to all other persons, including veterans."

The plaintiff contends that this shows by implication a policy to favor disabled veterans in the order of their respective standings. There is nothing in this. Chapter 31, § 15, permits appointments from an eligible list. Section 15C requires that if the appointing authority appoints a person other than the person highest on the list, it must deliver a statement of reasons to the director and no such appointment shall be effective until such statement is received. The preference to disabled veterans does not distinguish among those on the eligible list who are in that class.

The plaintiff also contends that the action of the city clerk in inspecting the examination papers and making a recommendation rendered the appointment void. Civil Service Rule 8 (1) provides that a person taking the examination or his representative "may inspect his papers." Rule 16 (1) provides that "the appointing officer . . . may be allowed to examine the applications, the certificates and examination papers of · the persons certified." This gave certain unqualified rights of inspection; it did not make illegal inspection by other persons not specified. The law is now otherwise.[1] The city clerk keeps the records of the city

[1] See St. 1967, c. 459, effective October 20, 1967, amending G. L. c. 31, § 29, to provide: "Records of the proceedings of the commission and of the director, all recommendations of applicants, and all applications shall be kept on file and shall be open to public inspection under the rules of the commission. Each application, recommendation and examination paper shall be preserved for a period of at least two years, but may be destroyed thereafter. An applicant's examination paper may be inspected only by the applicant or his duly authorized representative upon presentation of written permission and only on the condition that such applicant and his duly authorized representative shall agree not to publish, disclose or otherwise divulge, orally or in writing, the questions or answers therein contained, except as hereinafter provided. No examination question and no answer thereto shall be quoted by any person except in an appeal to the commission from a decision of the director; provided, however, that this section shall not prevent applicants from discussing the desirability of filing with the director a request for review, or the results of such review, or a subsequent appeal, if such discussions are in direct connection with filing a request for review or subsequent action, and are limited to applicants who have taken the same examination. No examination question shall be copied unless it be one which the applicant answered in the examination and on which he suffered a loss

council and "perform[s] such duties as the council may prescribe." G. L. c. 43, § 18, cl. 3. Recommendation by him as to the person to serve under him was appropriate His views of the markings of the examinations were of no significance to affect the grades officially assigned. That he expressed his views and made a recommendation did not make the appointment void.

The demurrer should not have been sustained. The parties were entitled to have their controversy resolved. *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge,* 320 Mass. 516, 520. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101.

The commission and the director were not necessary parties; no dispute is stated to which they are parties and there is no reason to assume they will not conform to any declaration made. It was not error therefore to allow their "motion to dismiss" which was in effect a demurrer. *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, 197. *Luscomb* v. *Bowker,* 334 Mass. 468, 472–473.

The decree sustaining the demurrer of the members of the city council and others and the final decree are reversed. An interlocutory decree is to enter overruling the demurrer. A final decree is to enter declaring that the plaintiff has no right to the office of first assistant city clerk of Worcester and that, on the facts alleged, the defendant Donahue has been validly appointed thereto. The decree allowing the "motion to dismiss" by the commission and the director, treated as a demurrer, is affirmed.

*So ordered.*

----

of credit because his answer was rated as erroneous or insufficient, in whole or in part, and on the marking of which he files with the director a request for review under section twelve A, in which case the applicant's answer to such question and, if a choice of answers was given to such question, the choice rated by the applicant as the correct answer may also be copied."